The Law Offices of SPERO T. LAPPAS
205 State Street
Post Office Box 808
Harrisburg, Pennsylvania  17108-0808
Telephone (717) 238-4286
By: SPERO T. LAPPAS, ESQUIRE
    PA. SUPREME CT. IDENTIFICATION NUMBER 25745

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEBORAH GIULIANI,<br>    Plaintiff | CIVIL ACTION NO. 1:01-CV-311 |
| v. | (JUDGE CALDWELL) |
| GEORGE HANEY, individually<br>and in his official capacity<br>as an employee of Swatara<br>Township, Pennsylvania,<br>    Defendant | JURY TRIAL DEMANDED |

REPLY BRIEF ON MOTION FOR ATTORNEY'S FEES

In his Brief in opposition to the Motion for Attorney's Fees, the defendant raises two issues: first, he argues that the plaintiff's success is less than certain verdicts returned in other districts; and second, he claims that the petition does not include adequate time records. The defendant does not specifically contest the hourly rate claimed, the number of hours claimed, nor the multiplier claimed. He generally argues that the plaintiff's success was insufficient to justify the fee. He presents no counter-affidavits.

Comparison of the plaintiff's success to other successful claims filed in different districts of the United States is not one of the attorney's fees factors which the Supreme Court approved in Hensley v. Eckerhart, 461 U.S. 424, 103 S.Ct. 1933 (1983) and which the Third Circuit has approved in Public Interest Research Group of

<u>New Jersey, Inc. v. Windal</u>, 51 F.3d 1179 (3d.Cir. 1995).[1]

As a practical matter, it is a fact well known beyond the need for citation that verdicts in certain districts are statistically higher than verdicts in others. It would be unfair and meaningless to compare a certain plaintiff's success against the success of another plaintiff, especially another plaintiff in another district.

However, it is not even appropriate to compare the extent of a plaintiff's success with the success of another plaintiff in <u>this</u> district. Every case is different. The facts of each case govern that particular case, but should not be allowed to govern other cases. The extent of the plaintiff's success in <u>this</u> case can be measured by the fact that the defendant steadfastly refused to settle for any amount, let alone for $825.00. Had the defendant engaged in settlement negotiations as clearly was appropriate at the time, this present motion might have been unnecessary and substantial time expenditures may have been avoided.

With respect to the allegation that the plaintiff has submitted inadequate time records, the defendant is mistaken. The papers in support of the plaintiff's Motion and Brief include an affidavit of trial counsel in which he incorporates and verifies the Bill of Costs submitted to this Court. The use of estimated date and time entries is an acceptable practice.

The plaintiff attaches to this Brief time records for work performed since the filing of the Bill of Costs.

---

[1] These factors are discussed in detail in the plaintiff's main Brief.

WHEREFORE, the Court should order the payment of attorney's fees and costs in the amounts requested.

                                    RESPECTFULLY SUBMITTED,

                                    The Law Offices of SPERO T. LAPPAS

By: _____
    SPERO T. LAPPAS, Esquire
    Pa. Supreme Ct. ID no. 25745
    205 State Street
    P.O. Box 808
    Harrisburg, PA  17108-0808
    (717) 238-4286
    ATTORNEY FOR PLAINTIFF