IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DEBORAH GIULIANI,         :
    Plaintiff         :
                    :
    vs.         : CIVIL ACTION NO. 1:CV-01-0311
                    :
GEORGE HANEY, individually and
in his official capacity as an         :
employee of Swatara Township,
Pennsylvania,         :
    Defendant

M E M O R A N D U M

FILED
MAR 13 2002
PER _____
HARRISBURG, PA.   DEPUTY CLERK

I.   Introduction.

We are considering the motion of plaintiff, Deborah Giuliani, for attorney's fees and costs pursuant to 42 U.S.C. § 1988(b).

II.   Background.

Plaintiff filed this civil-rights lawsuit against the defendant, George Haney, a police officer with the Swatara Township Police Department. Haney had issued Plaintiff citations for disorderly conduct and criminal trespass after she had an argument with a neighbor. Giuliani alleged that Defendant issued the citations without probable cause and that he used excessive force on her during her arrest on these charges. Her complaint made claims under the Fourth Amendment to the federal constitution and state-law claims for false arrest and false imprisonment.

After we entered summary judgment in Defendant's favor on some of the claims, a jury accepted Plaintiff's claim that he had arrested her for disorderly conduct without probable cause but rejected her claim that he had done so for the defiant-trespass charge. They awarded her compensatory damages in the amount of $825. Plaintiff had paid her attorney $750 to represent her before the district justice on these state charges.

In her motion, Plaintiff requests a total amount of $27,706.40 in fees and costs.[1] As presented in Plaintiff's "bill of costs," submitted in support of the motion, this amount is broken down as follows:

| | | |
|---|---|---|
| 1. | Filing fee for the action | $150.00 |
| 2. | Costs for the depositions of Haney and Giuliani | $273.90 |
| 3. | Attorney's fees | $27,312.50 |
| | Total | $27,736.40 |

The attorney's fees were calculated by using an hourly rate of $250 multiplied by 87.4 hours spent on the case multiplied by a 1.25 multiplier. Plaintiff has submitted affidavits from Harrisburg lawyers attesting that the hourly rate is reasonable. She has also attached a description of how the hours were spent. In her reply brief, Plaintiff requests additional compensation for

---

[1] This figure appears to be incorrect. When we add the amounts listed below, we reach a figure of $27,736.40.

3.3 hours of attorney time that was not listed in the bill of costs.

III.  Discussion.

Defendant makes the following objections to the fee request. First, Plaintiff succeeded on only one of her claims, and under Hensley v. Eckerhart, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), the fee award can be reduced for only partial or limited success. Second, based on the small amount of Plaintiff's damages, her victory was only a technical, or de minimis, one, justifying no award of fees or only a small award. (Defendant does not specify what small amount would be appropriate.) Third, Plaintiff did not submit contemporaneous time logs with her motion.

We agree that under Hensley Plaintiff's lawyer cannot be compensated for time spent on unsuccessful claims. However, in our view, this requires us to deduct only for the time spent litigating the excessive-force claim. This claim, unlike the others, was unrelated to the lack-of-probable-cause claim on the disorderly conduct charge. For example, the facts underlying probable cause for issuing the defiant-trespass charge would have to have been litigated in any event as part of the background for the claim arising from the disorderly-conduct charge. We will take account of the unsuccessful excessive-force claim by deducting one half of the hours Plaintiff spent in opposing

3

Defendant's motion for summary judgment. According to the exhibit attached to Plaintiff's bill of costs, her lawyer spent a total of 12.4 hours on this part of the case. We will deduct 6.2 hours.

As to Defendant's de minimis argument, we believe he is really arguing that an award of fees must bear some relation to the amount of damages recovered. However, the Third Circuit has rejected that position. See Davis v. Southeastern Transportation Authority, 924 F.2d 51, 54-55 (3d Cir. 1991). Additionally, while the award of damages was quantitatively small, it was qualitatively significant because the jury made Plaintiff whole for the cost of defending the disorderly-conduct charge in state court.

Finally, we reject Defendant's position that Plaintiff must submit contemporaneous time logs. It is sufficient that Plaintiff broke down the hours by day and task.

Based on the foregoing, in addition to the undisputed costs, we will enter an award of attorney's fees in the amount of $26,406.25. We calculate this amount as follows. We add the 3.3 hours mentioned in the reply brief and deduct 6.2 hours from the original figure of 87.4 hours to reach a new total of 84.5 hours. We multiple 84.5 by a rate of $250 per hour and then by the 1.25 multiplier for a total award of 26,406.25.

4

We will issue an appropriate order.

*William W. Caldwell*
William W. Caldwell
United States District Judge

Date: March 13, 2002